**Commonwealth v. Boggs**

*James C. Tosh*, for Commonwealth.

*J. Frank Kelker*, for defendant.

SALMON, J., December 16, 1971.—Defendant is charged with operating a motor vehicle while his operator's license was under suspension. Before us is his application to suppress the use of the certificate issued by the Secretary of Revenue, showing the suspension, as evidence in his trial. After full hearing on said application and from stipulations entered into by counsel for defendant and for the Commonwealth, we make the following

## FINDINGS OF FACT

1. Defendant was operating a Honda motorcycle on a public highway in the Borough of Beaver, Beaver County, on October 1, 1971, when he was stopped by an officer of the Beaver Police Department.

2. Inquiry revealed that his operator's license had been suspended by the Secretary of Revenue, effective August 14, 1971, for a period of 60 days because the secretary's record showed defendant had accumulated 11 points under the statute.

3. The officer arrested defendant on October 1, 1971, and charged him with operating a motor vehicle while his license was under suspension contrary to section 624 (7) of The Vehicle Code of 1959, P. L. 58, as amended.

4. Defendant's operator's license had not been reinstated on or prior to October 1, 1971, and the suspension was in effect at the time of arrest.

5. Defendant has never appealed from any of the several judgments of the justice of the peace or magistrate in the prosecutions for violation of various pro-

visions of The Vehicle Code which resulted in the points which eventually brought about the suspension. On the contrary, he did not contest any of said proceedings and paid the fine, thereby admitting his guilt under the decisions in Pennsylvania.

6. Defendant has never appealed from the suspension of his license, as he had a right to do under section 620 of The Vehicle Code.

7. Defendant voluntarily mailed his operator's license to the secretary when requested to do so after he received notice of his suspension, with the usual request that the operator's license be mailed in.

8. The secretary did not conduct any hearing or afford defendant an opportunity for hearing before issuing said notice of suspension and The Vehicle Code does not require or provide for such prior hearing in these circumstances.

9. There is no evidence or stipulation as to whether defendant was notified of his right to a hearing following the suspension under section 618(h) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618. The court suggested that this notice be made a part of the record but defendant, through his counsel, advised the court that the same had been lost. In our view of the law, this fact is not material at this time. If it becomes material, we suggest the matter be remanded so that this fact may be established.

## DISCUSSION

It appears to us that there are no facts in dispute. Defendant relies upon the opinion and order of the United States District Court for the Western District of Pennsylvania in the case of John Reese v. Jacob G. Kassab, Secretary, etc., et al., 334 F. Supp. 744, decided October 26, 1971. Defendant relies also upon the decision of the United States Supreme Court in Bell v.

Burson, 402 U.S. 535, 91 Pa. 1586 (1971), which is the principal case cited by the district court in the Reese case.

The present case does not involve the right of defendant to drive a motor vehicle. The only effect of a suppression order will be to make the secretary's certificate of suspension inadmissible in evidence. The practical effect will probably be to terminate the above-captioned prosecution for operating during suspension of license.

The Commonwealth agrees that defendant was afforded no hearing or opportunity for hearing prior to suspension because the Pennsylvania statute makes no provision for such hearing. On the contrary, the statute, Act of April 29, 1959, P. L. 58, sec. 619.1, as amended, 75 PS §619.1(i), mandates that the secretary suspend the operator's license summarily upon accumulation of 11 points according to the secretary's record. The decision of the United States Supreme Court in Bell v. Burson, supra, makes it clear that such summary suspension without provision for an administrative hearing is constitutionally impermissible.

The sole question of law before us seems to be whether such administrative order by the secretary may be collaterally attacked, as is here attempted. Our limited research has revealed no controlling Pennsylvania authority.

That the administrative order is open to direct attack is settled by Reese v. Kassab, supra. The question of collateral attack is discussed generally in "Administrative Law Treatise" by Kenneth Culp Davis (1958) and 1970 Supplement at §18.10 It appears that collateral attack is permitted when the agency or court entering the order was without jurisdiction or when there has been a lack of due process resulting in

deprivation of a fair hearing. Our case is obviously in the latter category under the decision in Bell and in Reese, supra.

We, therefore, conclude that collateral attack is permissible and we grant the motion to suppress.

### ORDER

And now, December 16, 1971, defendant's motion is granted and it is ordered that the Commonwealth shall not offer in evidence, upon the trial of the above captioned case, the certificate from the Commonwealth or any of its agencies or officials, showing suspension of the operator's license of Curtis W. Boggs, the above-mentioned defendant, on August 14, 1971.